Opinion by
Mr. Chief Justice Day.
*426 The parties appear here in the same position as in the trial court. Plaintiff in error will be referred to as plaintiff or the corporation, and the defendant in error as defendant or Stone.
The corporation brought the action against Stone, averring in the complaint that its former president, named Perkins, made and delivered to Stone certain purported assignments of fractional working interests in oil and gas leases owned by the corporation; that the transfer of the interests to Stone were without consideration moving to the corporation; that the actions of the president, Perkins, were in violation of his fiduciary duties to the corporation, and that Stone holds said interests and the rights thereto in trust for the corporation. Trial was on issues raised by the answer of Stone, wherein he denied that the assignment of the interests to him were without consideration and affirmatively alleged that the acquisition of such interests were with full knowledge of the corporation to which it had acquiesced and consented, and that prior to the bringing of this action, and with full knowledge of the dealings between Stone and Perkins, the corporation had given Perkins a complete release. This, Stone contends, operated to ratify the actions of Perkins, and, in turn, released Stone.
The corporation contends that there is no evidence to support the findings of the trial court, and thus has narrowed our inquiry to one issue. If the findings and judgment of the court are supported by the record, the plaintiff agrees that there is no merit to the writ of error. In such event force of a long line of decisions will compel affirmance of the judgment.
The pertinent portions of the court’s findings of fact and conclusions of law, which were narrated at the conclusion of almost three-weeks of trial, are as follows:
“The plaintiff claims that the defendant holds property which was conveyed to him by the president of the corporation without consideration and that he therefore *427 should either reconvey it to the corporation or that the ■Court should declare that he hold it in trust for the corporation and that he should account to the company for all profits which he has received as a result of this holding of this property.
“All parties agree, I think, that in a case of this kind that the burden is on the plaintiff to establish the allegations of his complaint * * *. In my judgment and I so find the plaintiff has not discharged the burden imposed upon him by that principle of law. * * *
“In the first place, there is evidence that this transfer was based on consideration, whether it is considered to be completely adequate or not is another question. But undoubtedly the defendant Stone did perform some service for the corporation in helping them acquire the interests in the Wittenberg lease, the subject matter of this litigation. At least there is a conflict in the evidence on that point. The defendant says that Mr. Perkins told him that he had gone down to Tennessee and had sold a lot of interests to people and taken their money or at least their promises to pay money, telling them he had an interest in this lease and when he got back to Denver he found he had nothing to show for it. And he says to Stone, his friend, Please see what you can do to help us get this lease, get it in writing and help us know whether for sure we have something to go on,’ and Stone testified that he did interview several parties at the Sun Oil Company and the result was a written document which would bind the company and enable them to fulfill their promises to the Nashville investors. That is a consideration, I think, if it is believed. There is somewhat of a conflict. Mr. Walmsley said that he handled the entire transaction for Sun and there was never any change in the contract at all, that right from the first it remained the same.
“* * * The evidence here discloses that this corporation never had a meeting of its stockholders, never had a meeting of the board of directors and Mr. Hoover in *428 response to a question put to him said that he wasn’t sure whether he was a vice president of the corporation or not. That is how much attention they pay to the corporate entity. So far as these stockholders were concerned and apparently there were only four of them, Perkins was the corporation and all of them apparently were completely satisfied in letting Perkins run it as he saw fit. * * *
“All these stockkholders knew all the time that Stone had this interest. They made no effort to inquire how he got it. What the true relationship between Perkins and Stone, Perkins and the corporation and the corporation and Stone is a little hard to define. * * * This corporation engaged in a good many activities. They spent a lot of money. They collected a lot of money. They did a lot of drilling. They acquired interests in leases. They transferred interests in leases and never, as far as the record shows before this Court, never was there a meeting of the board of directors authorizing or approving any of the actions engaged in. And yet they cannot all be attacked. They are not attacked, only the single transaction of the transfer of the interest of 5/32nds in the Wittenberg lease to Stone. That is the only transaction under attack. There is no proof here of any actual fraud or deceit on the part of any of these parties. There is nothing concealed from those entitled to know. The stockholders could have found out anything they wanted to at any time. * * *
“I find the issues in this case in favor of the defendant Stone and against the plaintiff on the principle ground that the plaintiff has failed to establish the allegations of his complaint and the facts necessary to support his claim and necessary to justify the Court in awarding relief prayed for by a preponderance of the evidence. The preponderance of the evidence is in favor of the defendant rather than the plaintiff. For that reason the plaintiff is not entitled to any of the relief prayed for.” (Emphasis supplied.)
*429 Plaintiff has taken the position in this court that the burden is on the defendant to establish his right to the assignment of the lease to him and it is incumbent upon him to show what consideration he paid. The court found that the plaintiff, who had the burden of proof, had failed to establish the allegations of its complaint — so whether the defenses pleaded by the defendant were adequately documented is of no consequence. This was a suit in equity to impose a trust on the property, and the court found that out of the numerous dealings between the parties it would not be equitable to deprive the defendant of his participation in this one deal out of the myriad transactions between the parties.
Plaintiff takes the position that each deal was separate and stands on its own. The evidence does not bear out this contention. It appears that the agreements and the performance of the agreements between the parties were related. The evidence is, and the court so found, that there was one general agreement continuously between the parties to let each one in on the other’s deals. Assignments of other leases were made from the defendant to the plaintiff corporation after the particular transaction involved in this suit. The court found that there was a conflict as to whether defendant had or had not by his own efforts brought about the “farm-out” of the Wittenberg leases. The doubt created by this conflict was specifically resolved in favor of defendant’s version. In our view of the record, neither the facts nor the inferences to be drawn therefrom support the plaintiff’s claim for the imposition of an equitable trust on the property acquired by the defendant, and this matter being squarely before the trier of the facts and resolved against the plaintiff, will not be disturbed.
The judgment is affirmed.
Mr. Justice Moore and Mr. Justice Frantz concur.